AO 106 (Rev. 04/10) Application for a Search Warrant          AUTHORIZED AND APPROVED/DATE: s/Travis Leverett 4-4-2024

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>A DARK BLUE, "AMERICAN TOURISTER" BRAND SUITCASE, located at the HSI, 3625 NW 56th St., Suite 300, Oklahoma City, OK 73112 | ) ) ) ) ) ) ) Case No. 24-MJ-283-SM |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Western_____ District of _____Oklahoma_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession of with intent to distribute controlled substances |
| 21 U.S.C. § 846 | Drug Conspiracy |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Rachel Cathie, Special Agent, HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: April 5, 2024

_____
Judge's signature

City and state: Oklahoma City, Oklahoma

Suzanne Mitchell, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Rachel L. Cathie, being first duly sworn, hereby depose and state as follows:

## BACKGROUND

1. I am a Special Agent with Homeland Security Investigations (HSI) and have been since September 2019. As such, I am an investigative or law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I am presently assigned to the HSI Oklahoma City.

2. Since joining HSI, I have been involved in a wide variety of investigative matters. Among other things, I am responsible for conducting investigations into violations of federal criminal laws, including the unlawful possession and distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1). I have received approximately 24 weeks of specialized training at the Federal Law Enforcement Training Center in the enforcement of federal laws. I have arrested, interviewed, and debriefed numerous individuals who have been involved and have personal knowledge of importing, transporting, and concealing controlled substances, as well as, the amassing, spending, converting, transporting, distributing, laundering, and concealing of proceeds from drug trafficking. I have testified in judicial proceedings concerning the prosecution for violations of laws related to the trafficking of contraband, including controlled substances. I have spoken with sources and subjects, as well as other local and federal law-enforcement officers,

regarding the manner in which drug distributors obtain, finance, store, manufacture, transport, and distribute their illegal drugs.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement personnel and may not be inclusive of all evidence or information available, or of all facts known to me relative to this investigation. Rather, I have included facts which are necessary to establish probable cause that the property described herein contains illicit goods. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of evidence in this matter.

4. The property to be searched is described as a dark blue, "American Tourister," brand suitcase (the **SUITCASE**). The **SUITCASE** is currently located at the HSI Oklahoma City Office.

## **PURPOSE OF AFFIDAVIT**

I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the **SUITCASE**, further described in **Attachment A**, for the items specified in **Attachment B** hereto, which constitute instrumentalities, fruits, and evidence of violations of 21 U.S.C. § 841(a)(1); possession with intent to distribute controlled substances. Based on the facts set forth in this affidavit, I submit that there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1) have been committed.

## PROBABLE CAUSE

5. On April 2, 2024, United States Customs and Border Protection (CBP) informed HSI Oklahoma City of a flight that was set to land at Sundance Airport located at: 13000 N Sara Rd, Yukon, OK 73099. At approximately 11:35 PM, the flight landed at Sundance Airport and shortly thereafter, CBP Air and Marine Operations (AMO) Officers approached the aircraft occupants to conduct an inspection. During the inspection, CBP AMO Officers identified the pilot as Christian BOWERS (BOWERS) and asked for consent to run a law enforcement K9 around the airplane and inside the plane hangar, to which BOWERS consented. BOWERS subsequently unlocked the hangar, and law enforcement observed that the only item inside the was the **SUITCASE**.

6. BOWERS told agents that he had dropped the **SUITCASE** off at the hanger during a previous trip due to a concern that the **SUITCASE** was needlessly weighing down the plane.

7. Oklahoma City Police Department (OCPD) Officer D. Evans deployed his K9 drug detection dog, "Logan," to conduct a free air sniff of the airplane and hangar. K9 Logan is trained and certified to detect controlled substances. While inside the hangar, K9 Logan alerted to the presence of illegal narcotic odors in the **SUITCASE**.

8. HSI Oklahoma City Special Agents Rachel Cathie and Fidel Saenz conducted a consensual interview with BOWERS. BOWERS told the agents that the **SUITCASE** did not belong to him and belonged to the owner of the airplane, who was not present. After the interview, HSI Oklahoma City took custody of the **SUITCASE** and transported it to the HSI Oklahoma City Office.

9. Based on the foregoing, I submit that there is probable cause to believe that the **SUITCASE** described above contain contraband, fruits, instrumentalities, and evidence of federal crimes in violation of 21 U. S. C. §§ 841(a)(1) and 846. As such, I respectfully request a warrant be issued authorizing HSI to search and seize the **SUITCASE** for the items described in **Attachment B**.

Respectfully submitted,

Rachel Cathie
Special Agent
Homeland Security Investigations

Sworn and subscribed to before me this 5th day of April 2024.

SUZANNE MITCHELL
United States Magistrate Judge
Western District of Oklahoma

# ATTACHMENT A

*Property to be searched*

The property to be searched is located at the HSI Oklahoma City Office, 3625 NW 56th St., Suite 300, Oklahoma City, OK 73112. The property is described as a dark blue, "American Tourister," brand suitcase.




# **ATTACHMENT B**

*Property to be seized*

1. Evidence relating to violations of 21 U.S.C. § 841(a)(1), possession with intent to distribute a controlled substance specifically:

    a. Books, records, receipts, notes ledgers and other papers relating to the transportation, ordering, purchase and distribution of controlled substances;

    b. Paper, tickets, notes, schedules, receipts and other items relating to domestic and international travel;

    c. Books, records, receipts, bank statements and records, money drafts, letters of credit, money orders and cashier's checks, receipts, passbooks, bank checks, safe deposit box keys and other items evidencing the obtaining, secreting, transfer and/or expenditure of money;

    d. United States Currency, precious metals, jewelry, and financial instruments, including stocks and bonds in amounts indicative of the proceeds of illegal narcotics trafficking;

    e. Photographs, in particular, photographs of co-conspirators, of assets and/or controlled substances;

    f. Receipt for items evidencing expenditures in amounts indicative of the proceeds of drug distribution including, but not limited to, clothing, electronic equipment, electronic devices, and weapons;

    g. Controlled substances and related paraphernalia.